CHIASSON, Judge.
This appeal has been brought by A. J. Prine from two judgments of the District Court. On January 16, 1976, judgment was rendered sustaining a peremptory exception of no cause of action filed by Mrs. Willie Blystad and dismissing Prine’s action against her, granting a summary judgment in favor of W. E. Wild, Jr. and dismissing Prine’s action against him and granting a summary judgment in favor of Wilfred James Whitehead and dismissing Prine’s action against him. On March 12, 1976 a summary judgment was rendered dismissing Prine’s action against the First National Bank of Denham Springs and granting judgment in favor of First National and against Prine, the Estate of Leonard Kin-chen and/or his heirs and James H. Morrison.
The events which led to the rendition of these judgments appear to have begun when Leonard Kinchen approached Prine with an offer to negotiate the purchase of a bulldozer by Prine and to sign as guarantor on a note enabling Prine to obtain a loan with which to buy the bulldozer. In return, Prine agreed to perform certain work for Kinchen with the bulldozer at a preferential rate.
As a result of this agreement, a bulldozer was obtained from Crown Zellerbach and Prine executed a promissory note and chattel mortgage in favor of the First National Bank of Denham Springs. The note was endorsed by Kinchen and James H. Morrison, a business associate of Kinchen.
A dispute later arose between Prine and Kinchen over the ownership of the bulldozer, the purchase price of the bulldozer and compensation alleged due Prine for work done for or on behalf of Kinchen. Prine filed suit against Kinchen. Kinchen died shortly thereafter and his heirs were substituted as party defendants. The heirs of Kinchen filed an answer to Prine’s petition and reconvened for damages. A third party action was filed by said heirs against Morrison alleging that Morrison, as Kin-chen’s partner, was liable for one-half of any judgment obtained by Prine.
The First National Bank of Denham Springs intervened alleging that Prine, Kin-chen and Morrison were indebted to the bank on the note and obtained an ex parte order requiring Prine to surrender the bulldozer to the Sheriff. Prine answered the intervention denying First National’s allegations and reconvened against First National, W. E. Wild, Jr. and Wilfred James Whitehead, officers of the bank, claiming a conspiracy to defraud him.
Willie Blystad and the insurer on her Notary Public’s bond were also named as defendants in Prine’s reconventional demand for an alleged fraudulent notarization of the note in question.
Peremptory exceptions of no cause of action, motions for summary judgment and motions to strike were filed by Wild and Whitehead. A peremptory exception of no cause of action was filed by Blystad. A motion for summary judgment on its petition was filed by First National. However, First National did not file any exceptions or motion for summary judgment to Prine’s reconventional demand.
The judgment of the District Court sustaining Blystad’s peremptory exception of no cause of action is affirmed. However, when the grounds of the objection pleaded may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within a delay allowed by the Court. CCP Art. 934.
Prine’s petition alleges that Blystad, a notary fraudulently notarized a document by swearing to a false statement. The petition does not contain however an allegation of specific damage suffered by him as a result of this act. Because the objection pleaded may be removed by amendment, the District Court erred in dismissing Prine’s action without setting a delay in which he could amend his petition.
*1151 The summary judgments granted by the District Court in favor of Wild, Whitehead and First National are reversed.
Article 966 of the Code of Civil Procedure provides in part:
“, . , The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
There are genuine issues as to material facts present in this case. There exists a substantial question as to whether Prine received any consideration for the note he signed. All that has been established is that Prine had temporary possession of the bulldozer he believed he was purchasing. The validity of the chattel mortgage on the bulldozer is also at issue. Prine admits signing the mortgage. However, there has been no determination of whether Prine had the authority to mortgage the bulldozer. The ownership of the dozer is at issue. Another issue which has been raised is whether there was fraudulent conduct on the part of First National and its employees. Prine has a right to a trial on the merits to determine if there was fraud. There has been no determination as to who filled in the blanks in the promissory note; a fact which must be determined in order to establish the legal rights of the parties to the instrument and the holder thereof. Summary judgment procedures are not a substitute for a trial on the merits or an exception of no cause of action.
In addition, it is noted that the District Court granted summary judgment dismissing Prine’s reconventional demand against First National without First National ever requesting this relief.
For the above and foregoing reasons, the judgment appealed from is affirmed insofar as it sustains the peremptory exception of no cause of action filed by Mrs. Willie Bly-stad. However, the case is remanded to allow the District Court to fix a delay in which A. J. Prine may amend his petition so as to state a cause of action, if any he can, against Mrs. Blystad. The judgment of the District Court granting summary judgment in favor of W. E, Wild, Jr., James Wilfred Whitehead and the First National Bank of Denham Springs and against A. J. Prine is reversed and the case is remanded for a trial on the merits. Costs of this appeal to be paid by appellees. Other cost to await final disposition of this case.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.