411 So.2d 578 (1982)
Linda MUNSON
v.
SAFECO INSURANCE COMPANY: Toyota Motor Sales, U. S. A., Inc.; Liberty Mutual Insurance Co.; Gulf States Toyota, Inc.; Allstate Insurance Co. and Sidney M. Brown.
No. 14612.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
*579 John R. Olds, Baton Rouge, for plaintiff-appellant Linda Munson.
Arthur H. Andrews, Baton Rouge, for defendant-appellee Safeco Insurance Co.
B. Frank Davis, Jerry L. Saporito, Metairie, for defendants-appellees Toyota Motor Sales, U. S. A., Inc. and Gulf States Toyota, Inc.
Daniel R. Atkinson, Baton Rouge, for defendants-appellees Sidney M. Brown, Sr. and Allstate Insurance Co.
Robert J. Vandaworker, Baton Rouge, for defendant-appellee Liberty Mutual Insurance Co.
Before CHIASSON, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
Plaintiff, Linda Munson, brought this action to recover damages for personal injuries which she sustained in an automobile accident.
Plaintiff's petition alleged the following: At the time of the accident, plaintiff was driving an automobile which belonged to Eugene and Cristina Loehrer, with their permission. While Munson was driving the vehicle, it suddenly, and without warning, went out of control, veered off of the highway and flipped over several times. At the time of the accident, the right front wheel came off of the vehicle entirely, causing it to go out of control.
Made defendants in plaintiff's petition were the following: Safeco Insurance Co., the Loehrers' liability insurer; Toyota Motor Sales, U.S.A., Inc. alleged to occupy the legal position of manufacturer of the automobile; Gulf States Toyota, Inc., also alleged to be the manufacturer of the automobile; Liberty Mutual Insurance Co., the uninsured motorist insurer of plaintiff's father; Sidney M. Brown, the person who had sold the automobile to the Loehrers approximately one month before the accident; and, Allstate Insurance Company, Brown's liability insurer. Sidney Brown and Allstate filed a motion for summary judgment. The trial court maintained the motion and rendered judgment dismissing plaintiff's petition as to these two defendants. Plaintiff has appealed that judgment. We reverse.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, *580 admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Emp. Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, supra; Emp. Surplus Line Ins. Co. v. City of Baton Rouge, supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Chaisson v. Domingue, supra; Emp. Surplus Line Ins. Co. v. City of Baton Rouge, supra.
Plaintiff's petition makes the following allegations with respect to the liability of Sidney Brown and Allstate:

"16.
The owners of the vehicle at the time of the accident, Eugene and Cristina Loehrer, purchased said vehicle on May 1, 1979, from Sidney M. Brown, a resident of lawful age of the Parish of West Baton Rouge, State of Louisiana.
"17.
"On information and belief, petitioner alleges that due to improper and inadequate maintenance of the said Toyota by the said Sidney M. Brown, prior to the date of sale to Eugene and Cristina Loehrer as alleged above, that the right front wheel was defective and/or improperly mounted on the vehicle, said condition caused the accident described above and, therefore, defendant Sidney M. Brown is liable for petitioner's damages sustained.
"18.
"At all pertinent times herein, Allstate Insurance Company has issued a policy of public liability insurance to the said Sidney M. Brown, insuring against the type of liability asserted herein."
In support of their motion for summary judgment, defendant submitted an affidavit of Sidney Brown and his daughter, Tammy Brown, as well as depositions of Linda Munson, Marge Loehrer, Eugene Loehrer and Cristina Loehrer. Plaintiff submitted an affidavit of Dr. Mehdy Sabbaghian, an engineer who had examined the right front wheel of the automobile which plaintiff was driving at the time of her accident.
Plaintiff alleged in her petition that the right front wheel of the vehicle came off and caused the accident. The depositions of the Loehrers indicate that none of the tires on the vehicle were changed after the purchase from Sidney Brown, with the exception of the left rear tire, which had been changed the day before the accident. The affidavit of Sidney Brown admitted that he occasionally worked on the vehicle when he owned it and that he had changed several tires on it, but did not indicate which tires he had changed. The affidavit of plaintiff's expert, Dr. Sabbaghian, indicates that the wheel of the vehicle was loose prior to the accident. It also stated that a closer inspection and study of component parts of the wheel would be necessary to draw any conclusion as to the reason for this pre-accident looseness of the wheel. The evidence before the trial court at the time the motion for summary judgment was granted did not exclude the possibility that the right front wheel had been improperly mounted as a result of Sidney Brown's negligence and that his negligence was the legal cause of the accident.
Defense counsel cites, and the trial court relied on, cases which hold that the seller of a used car is not required to inspect the vehicle for latent defects and is not responsible for injuries caused by their existence. See, e.g., Spillers v. Montgomery Ward & Co., Inc., 282 So.2d 546 (La.App. 2nd Cir. 1973); Cain v. Rapides Dodge, Inc., *581 207 So.2d 918 (La.App. 3rd Cir. 1968). However, that is not the theory upon which plaintiff asserts Brown's liability. Plaintiff contends that Brown's negligence in defectively or improperly mounting the wheel caused her accident. Negligent installation of a wheel by a previous owner, if it is the proximate cause of an accident which results in plaintiff's injury, will result in the prior owner being liable to the plaintiff for injuries sustained. Panek v. Gulf Insurance Co., 341 So.2d 46 (La.App. 3rd Cir. 1976).
The affidavit and depositions filed herein establish that Brown changed some of the wheels during his period of ownership. There is no indication whether the right front wheel was one of these wheels. The depositions also establish that the right front wheel was not changed by the Loehrers after the sale and prior to the accident. Summary judgment was improperly granted because, on the facts before the trial court, defendants were not entitled to judgment as a matter of law.
For the foregoing reasons, the judgment of the district court is reversed. Costs of this appeal are to be paid by defendants-appellees.
REVERSED.