438 So.2d 714 (1983)
Paris K. SANDERS, Plaintiff-Appellant,
v.
CITY OF BLANCHARD, Defendant-Appellee.
No. 15678-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
*715 Woods, Nossaman & Cassell by Joe Cassell, Shreveport, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., Shreveport, for defendant-appellee.
Before PRICE, MARVIN and SEXTON, JJ.
SEXTON, Judge.
Plaintiff sued defendant Town of Blanchard for alleged damages resulting from the failure of that municipality's Clerk of Court *716 to process an appeal from his conviction in Blanchard Mayor's Court for careless and reckless driving. Defendant municipality Blanchard responded, filing a motion for summary judgment. The trial court granted the motion for summary judgment, dismissing plaintiff's claims. We reverse.
Plaintiff in this cause is Paris K. Sanders. Sanders filed suit against the Town of Blanchard on January 5, 1983. Plaintiff alleged that he was prosecuted in criminal proceedings by the Town of Blanchard for careless and reckless driving, and was convicted of that offense in the Blanchard Mayor's Court. The record is unclear but it appears the conviction was in February, 1981. Plaintiff alleged, moreover, that he timely filed a motion to appeal his traffic offense conviction. Plaintiff further claimed that the Town of Blanchard is vicariously liable for the following acts and omissions on the part of its Clerk of Court: the Clerk failed to process his appeal after plaintiff timely filed a motion for appeal; the Clerk "falsely" reported plaintiff's traffic conviction to the Department of Public Safety; the Clerk "maliciously and without probable cause ... caused [plaintiff's] driving record to reflect false information." Plaintiff further alleged, in a subsequent affidavit, that the clerk's failure to process his appeal caused him to lose his job.
Defendant Town of Blanchard answered plaintiff's petition, generally denying plaintiff's allegations. The Town of Blanchard subsequently filed a motion for summary judgment. The motion averred that plaintiff had never made either an oral or written motion for appeal, that his appellate rights had been forfeited by his own inaction, and that his appellate rights had thus not been impaired by the Clerk's failure to process his appeal. The essential thrust of defendant's motion was that the Clerk of Court had not erred in failing to process the appeal, since plaintiff Sanders had never made a motion for appeal. The claim that plaintiff Paris Sanders had never submitted a motion for appeal was supported by the affidavit of Clerk of Court Patsy Guin, in which Ms. Guin "state[d] of her own personal knowledge that the record contains no written or oral motion of appeal on behalf of Paris K. Sanders in the matter entitled `Town of Blanchard vs. Paris K. Sanders.'"
The Town of Blanchard contended, as an alternative basis for the motion for summary judgment, that even if plaintiff Sanders had made a motion for appeal and the Clerk of Court had failed to process this appeal, plaintiff's appellate rights were preserved under LSA-C.Cr.P. Arts. 915-918. These articles, particularly Article 917, clearly provide that a clerk's failure to process an appeal "shall not operate as an abandonment" of a criminal defendant's appellate rights.
In plaintiff's response to defendant Blanchard's motion for summary judgment, he emphatically reasserted that he had submitted a motion for appeal. Plaintiff's response included an affidavit by Mr. Sanders, in which Mr. Sanders deposed that he "had appeared in Open Court at Blanchard and Orally moved for an appeal of the conviction of Careless and Wreckless (sic) Driving and was ordered to post a bond for his appeal." Plaintiff's affidavit further alleged that he had remitted $200.00 to Clerk of Court Patsy Guin to satisfy his appellate bond obligation. Attached to the affidavit was the copy of a receipt for the sum of $200.00, which sum was "received of Paris Sanders," by Patsy Guin on behalf of the "Village of Blanchard, Louisiana." Plaintiff's affidavit asserted that the $200.00 payment acknowledged by the receipt constituted the bond for his appeal from the traffic conviction.
In addition to plaintiff's affidavit and copy of the $200.00 receipt, plaintiff filed in the record a letter by his former counsel to the Mayor of Blanchard which stated that "Mr. Sanders has previously moved for an appeal by oral motion which we understand was granted."
Plaintiff further filed a request for admissions, seeking a defense admission that the $200.00 receipt acknowledged the payment of an appeal bond. Plaintiff also sought admissions by defendant that Mr. Sanders had made a motion for appeal, that *717 the Clerk of Court had failed to process his appeal, and that the Clerk had transmitted a record of defendant's conviction to the Department of Public Safety.
In defendant Town of Blanchard's response to plaintiff's request for admissions, defendant admitted the issuance by the town of the $200.00 receipt, but denied that the receipt acknowledged the payment of an appeal bond. Defendant's response admitted that it had transmitted a record of plaintiff's conviction to the Department of Public Safety, but denied that plaintiff had ever made a motion for appeal.
After assessing the forementioned pleadings, affidavits and documentary evidence, the trial court rendered judgment on March 14, 1983, sustaining defendant's motion for summary judgment and dismissing plaintiff's claims. Plaintiff appealed.
In assessing a motion for summary judgment, the courts are to consider all of the pleadings, depositions, affidavits, answers to interrogatories, and admissions that have been filed in the cause. Summary judgment shall be granted if these filings demonstrate that "there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. Art. 966.
While summary judgment serves an important procedural purpose, the Courts have historically utilized this procedure with considerable trepidation and hesitance since its use effectively deprives a party of his "day in court." See Ferina v. Howard, 285 So.2d 805 (La.App. 3d Cir. 1973). Thus, the movant has the burden of showing the absence of genuine issue as to any material fact. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). The inferences drawn from affidavits and pleadings must be viewed in the light most favorable to the party opposing the motion. Duvalle, supra. Any doubts as to the existence of material factual issues and the granting of the summary judgment, are to be resolved against the granting of the summary judgment, and in favor of a trial on the merits. Blount v. Exxon Corp., 395 So.2d 355 (La.App. 1st Cir.1981); Parker v. South Louisiana Contractors, Inc., 340 So.2d 322 (La.App. 1st Cir.1976). A summary judgment is not appropriate where the trier of fact must weigh conflicting evidence in order to reach a conclusion upon which reasonable men could differ. McMoris v. Sheppard, 315 So.2d 342 (La.App. 4th Cir.1975).
In short, a summary judgment is no substitute for a trial on the merits. Millet v. Johnson, 381 So.2d 1293 (La.App. 4th Cir.1980), writ denied, 383 So.2d 788 (La. 1980); Prine v. Kinchen, 341 So.2d 1149 (La.App. 1st Cir.1976), writ denied, 343 So.2d 199, 200 (La.1977).
It is clear that there is a genuine dispute of fact herein: Plaintiff has repeatedly insisted, by pleading and affidavit, that he made a motion for appeal; defendant has with equal persistence denied that plaintiff ever made such a motion. Therefore, the question to be resolved by this court is whether the disputed factplaintiff's alleged motion for appealis material. If the disputed fact is material, a summary judgment may not be legally granted.
A fact is "material" if its existence or non-existence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are "material" if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. The definition of materiality has been well expressed in law review commentary:
A material fact is one which forms an element of the cause of action of the case. It is not one that is peripheral only but rather it is material to the basic questions to be determined. It is a fact that is essential to the case and without which it could not be supported.... A material fact is determined by the law applicable to the particular case before the court, and, therefore, it is necessary that the law applicable to the case be carefully considered in determining the [materiality] of any fact. *718 Comment, Development of Jurisprudence in Louisiana Relative to Summary Judgment Since 1960, supra, at 129. (Emphasis added).
If plaintiff did not move for an appeal, the clerk of court could have had no duty to process his "non-existent appeal," and there could therefore be no primary negligence of an employee upon which to predicate the vicarious liability of the Town of Blanchard. If, on the other hand, plaintiff did move for an appeal, the clerk of court arguably violated a duty by failing to process this apeal, and the Town of Blanchard could be vicariously liable for this omission on the part of its employee. The fact of plaintiff's motion for appeal is thus material, and since this material fact is the subject of the litigant's sharply conflicting claims, it is genuinely at issue.
The clerk of court has a clear statutory duty to process an appeal. LSA-C.Cr.P. Arts. 915, 917 and 918. Moreover, noncompliance with statutory mandates may be indicative of tortious conduct. See Broyles v. Yarbrough, 374 So.2d 705 (La. App. 1st Cir.1979), writ denied, 380 So.2d 71 (La.1980); Greene v. Wright, 365 So.2d 551 (La.App. 1st Cir.1978). It is axiomatic that employers suffer vicarious liability as a result of the tortious conduct of their employees. LSA-C.C. Arts. 2317 and 2320. Public entities such as this defendant, the Town of Blanchard, are not exempt from vicarious liability. Article 12, Section 10(A) of the Louisiana Constitution of 1974 unequivocally makes it clear that Louisiana does not adhere to the concept of sovereign immunity. This provision mandates that, "Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property."
Given the clerk's alleged noncompliance with mandatory statutes and the constitutionally mandated civil exposure of public entities, plaintiff arguably has a sound cause of action. Thus, a reasonable mind could conclude that plaintiff has a cause of action, and that defendant-movant is not entitled to judgment as a matter of law. Where rational minds could reasonably find that movant was not entitled to judgment as a matter of law, summary judgment is inappropriate. See Munson v. Safeco Insurance Co., 411 So.2d 578 (La. App. 1st Cir.1982); Johnson v. Ortego, 408 So.2d 397 (La.App. 1st Cir.1981); Clement v. Taylor, 382 So.2d 231 (La.App. 3d Cir. 1980).
We note the astute observation of defense counsel that the Code of Criminal Procedure provides that criminal appellate rights cannot be lost through the omissions of clerks, that plaintiff thus suffered no harm, and that defendant is therefore entitled to (summary) judgment as a matter of law. Code of Criminal Procedure Articles 915 and 917 do indeed provide that criminal appellate rights will not be forfeited through the omissions of the clerk of court. However, the instant plaintiff is suing here not for the injury occasioned by criminal sanction. He sues instead for the civil damages allegedly incurred when he lost his job as a result of the transmittance of his conviction to the State Department of Public Safety, without an intervening opportunity to contest his conviction by timely appeal. We need not speculate how this harm occurred, nor need we speculate whether in fact there is a causal link between this loss and the alleged failure of the clerk to timely process his appeal. These are factual questions more appropriately resolved at a trial on the merits.
We accordingly reverse the trial court's judgment sustaining the motion for summary judgment and dismissing plaintiff's claims, and remand this cause to the district court for further proceedings not inconsistent herewith, all costs of this appeal to be assessed to defendant-appellee Town of Blanchard.
REVERSED AND REMANDED.