448 So.2d 227 (1984)
Paul Dean MANNING
v.
BETTER WAY COATINGS, INC.
No. 83 CA 0588.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Writ Denied June 1, 1984.
*228 Thomas E. Gibbs and Robert H. Schmolke, Baton Rouge, for plaintiff-appellant Paul Dean Manning.
John Dale Powers, Baton Rouge, for defendant-appellee Great Southwest Fire Insurance Co.
Durwood McLaughlin, James Moore, Baton Rouge, for defendants-appellees Gregory J. English, Better Way Coatings, Inc.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is a tort action in which plaintiff appeals the trial court's grant of summary judgment in favor of the defendants.

FACTS
On July 7, 1981, the plaintiff, Paul Dean Manning, was injured while working on the roof of a Quonset hut (a prefabricated building with a domed roof). Plaintiff fell from the roof while in the course and scope of his employment with Better Way Coatings, Inc., which is wholly owned by Gregory English.
On the day of the accident, the plaintiff and English went on top of the roof to "touch up" some coating that had been applied a day or so before. In order to enable the plaintiff to reach a spot that was down from the top of the roof, English squatted and held plaintiff's free hand while plaintiff reached the spot with a long brush. During this maneuver, plaintiff lost his balance and began to slide off the roof. Both men ended up falling off the roof.
Plaintiff was injured in the fall and subsequently brought suit for damages in tort against Better Way Coatings, Inc. and English. Defendants filed a motion for summary judgment, which the trial court granted, concluding that there was no substantial dispute of material fact. Finding the law to be in defendant's favor, the court dismissed plaintiff's suit. Plaintiff appeals that judgment.
Plaintiff alleges on appeal that an issue of material fact does exist in this case namely, the state of mind of Gregory English at the moment he released the plaintiff from his grip while on the roof.
La.R.S. 23:1032 makes worker's compensation an employee's exclusive remedy for a work-related injury caused by a co-worker, except for a suit based on an intentional tort. Bazley v. Tortorich, 397 So.2d 475 (La.1981). According to Bazley the "meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." 397 So.2d at 482.
Plaintiff argues that English was substantially certain that plaintiff's injury would follow from defendant's actions. Plaintiff contends the conduct of English was intentional in that he made a conscious release of Manning while fully realizing the ultimate consequence of his action would be the fall of his co-employee.
A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Munson v. Safeco Insurance Company, 411 So.2d 578 (La.App. 1st Cir.1982).
In support of their motion for summary judgment, defendants submitted depositions of both the plaintiff and English. In his deposition, Manning points out the fact that English knew that he had fallen off the same roof once before when a jerk in a *229 hose caused Manning to slip. Plaintiff claims that he informed English that due to his earlier fall, he didn't want to go up on the Quonset hut again, although English testified that plaintiff had been up on that very hut the day before. Plaintiff at first stated in his deposition that he had been up on the hut three or four days earlier, but later claimed he could not remember if he had or not.
Both men agreed that English offered to hold plaintiff while he painted a difficult area to reach on the domed roof. Both agreed that English released his grip on Manning only after he saw that he was losing his own balance and was in danger of falling off as well.
In Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.1982), writ denied, 415 So.2d 953 (La.1982), plaintiff's employer testified that he knew that there was a reasonable probability of an accident occurring in view of the hazardous work involved. Plaintiff claimed that he had requested safety equipment which his employer refused to supply. The question before the court was whether the employer's knowledge could be the "substantial certainty" required by the Bazley decision. The Fourth Circuit held it was not the same, defining "certain" as "inevitable" or "incapable of failing".
As the trial court pointed out, although English may have been negligent, both he and the plaintiff took the same risk. A person is presumed to act in such a manner as will not unnecessarily expose himself to physical harm. Lipscomb v. News Star World Pub. Corporation, 5 So.2d 41 (La. App. 2d Cir.1941). Obviously, English would never have gone up on the roof and held the plaintiff had he been "substantially certain" that the plaintiff would slip and fall off the roof, thereby taking English with him in the process. Thus, the "substantially certain" test of Bazley is lacking. Additionally, in determining intent in this case the state of mind of the defendant at the moment of release cannot be isolated from the whole process of attempting to reach the difficult spot to paint. Certainly at the moment of release defendant knew he must release the plaintiff with its inevitable consequences, or fall himself. His intent was not to injure the plaintiff, but to protect himself. Consequently, we find no error in the trial judge's conclusion that there is no genuine issue of material fact in this case. There being no "intentional tort", defendants are entitled to judgment as a matter of law. Fallo v. Tuboscope Inspection, 444 So.2d 621 (La.1984).
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's suit is affirmed. All costs are to be paid by the plaintiff.
AFFIRMED.
SHORTESS, J., concurs and assigns reasons.
SHORTESS, Judge, concurring.
I agree with the result and the majority analysis, so far as it goes. Plaintiff did not show that English knew to a "substantial certainty" that plaintiff would be injured if required to return to the roof.
I disagree, however, with the majority's treatment of plaintiff's one remaining allegation, i.e., that English knew to a substantial certainty that his act of releasing his grip on plaintiff's hand would result in the injurious fall from the roof of the hut. This allegation spotlights an entirely different transaction between the parties, one which occurred while they were falling, and which must be considered in light of the separate intent which developed due to this change in circumstances.
The pleadings and depositions on file clearly show that when English released plaintiff, both were already falling off the roof. Since English was falling, it is clear that he was not securely anchored on the roof. He also fell off the roof, so it would be impossible for pflaintiff to prove that, had English held on, he would have been able to re-anchor himself and thereby save plaintiff. English's act came after plaintiff's fall and injuries were inevitable, so it could not have caused the injuries; without a causative link between the act and the *230 injuries, it cannot be said that English knew the injuries would follow from his act.
The Bazley definition of intent encompasses both active desire and knowledge that the injurious result is substantially certain to follow from an act. For the consequences to follow from an act, the act must play some causative role in the occurrence of those consequences.
Finding no genuine issue of material fact, I agree that the facts support a judgment for defendant as a matter of law.
Accordingly, I concur.