FRED W. JONES, Jr., Judge.
From a judgment sustaining defendant’s motion for a summary judgment, plaintiff appealed. For the reasons hereinafter explained, we affirm.
*1310 Williams, alleging that he had been subjected to the criminal charge of improper telephone communication, sued South Central Bell (“SCB”) for damages because:
“The evidence at the trial was so clear and convincing of petitioner’s innocence, as evidenced by the 12½ minute verdict of acquittal, that the only reasonable, logical conclusion is that defendant’s equipment was defective, malfunctioned and simply did not operate properly on the day of the alleged traces.”
The defendant filed an answer of general denial and, subsequently, a motion for summary judgment, attaching in support thereof 1) copies of relevant pleadings in the case of Williams v. Southfield School, Inc., 494 So.2d 1339 (La.App. 2d Cir.1986); 2) an affidavit of an employee; and 3) transcripts of testimony filed in the criminal case of State v. Williams (unreported, No. 305,621, First Judicial District Court, Caddo Parish, Louisiana).
Plaintiff filed an opposition to the motion for summary judgment and offered, in support thereof, the testimony of three witnesses in the case of State v. Williams (previously offered by defendant).
The offerings filed in connection with the motion for summary judgment established the following relevant facts: A complaint was made to the police that obscene telephone calls were being received. Upon advice of the police, the complainant relayed this information to SCB. The latter installed line identification equipment on the complainant’s telephone and instructed her on how to react when she received an obscene call so that the equipment would function and trace the origin of the call. Sometime after midnight on June 5, 1983 the complainant received an obscene telephone call, but SCB’s equipment was unable to trace the call. Later during the day the complainant received two more obscene telephone calls some 50 minutes apart. Through its equipment SCB traced these calls to a residence in Bossier City listed in a woman’s name. This information was turned over by SCB to the police, without any suggestion as to the identity of the caller.
At the request of the police the complainant listened in on a telephone call made by the police to the telephone number given by SCB to them. The complainant heard a telephone conversation with Williams and later listened to a tape recording made of the telephone conversation. The complainant stated to the police that the voice she had heard on the telephone was the same voice that had made several obscene telephone calls to her. Following further investigation by the police and the district attorney, Williams was arrested and charged with improper telephone communications.
Williams was tried by jury and acquitted. He subsequently filed suits for damages against Southfield School, Inc. (which had terminated his employment contract) and this suit against SCB. In the Southfield School case, the defendant filed a third party demand against SCB, contending it had relied on SCB’s line identification in its decision to terminate Williams’ contract. SCB filed a motion for summary judgment which was sustained. The defendant appealed this judgment and we affirmed the trial court. See Williams v. Southfield School, Inc., 494 So.2d 1339 (La.App. 2d Cir.1986). We found, specifically, that SCB did not owe Southfield a duty which encompassed protection for Southfield’s reliance on the information supplied by SCB to the police.
In this case the trial judge sustained defendant’s motion for a summary judgment, finding that there was no genuine issue of material fact and defendant was entitled to judgment as a matter of law.
Plaintiff argues that allegations in his petition asserting negligence of SCB in line identification procedures raised unresolved issues of fact.
A party may move for summary judgment in his favor for all or part of the relief prayed for. LSA-C.C.P. Art. 966. The judgment can be rendered on the pleadings, depositions, answers to interrog *1311 atories, admissions on file, and affidavits, if these documents show that there is no issue as to material fact, and the mover is entitled to judgment as a matter of law. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983).
Sanders further states that inferences drawn from affidavits and pleadings must be viewed in a light most favorable to the party opposing the motion, and any doubts as to the existence of a material issue of fact must be resolved by denying the motion for summary judgment and having a hearing on the merits. See also Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La. 1981); Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983).
The mover must meet a strict standard by showing that it is clear as to what is the truth, and that any real doubt as to a genuine issue of fact has been excluded. The mover’s pleadings, affidavits and documents are to be scrutinized closely while those of the opponent are to be indulgently treated. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, et al., 427 So.2d 1152 (La.1983).
The court must first ask whether the supporting documents presented are sufficient to resolve all material issues of fact. Sanders v. Hercules Sheet Metal, Inc., et al, 385 So.2d 772 (La.1980). If evidence presented is subject to conflicting interpretations or reasonable men might differ as to its significance, summary judgment is not proper. Jackson v. State Teachers’ Retirement System of Louisiana, 407 So. 2d 416 (La.App. 1st Cir.1981). The fact that evidence is predominantly in favor of the mover does not justify not going to trial on the merits. Carroll v. Newtron, Inc., 477 So.2d 719 (La.App. 3d Cir.1985), writ denied 478 So.2d 530 (La.1985).
A fact is “material” if its existence or non-existence may be essential to plaintiff’s cause of action under the applicable theory of recovery. The material fact is determined by the law applicable to the case before the court. Sanders v. City of Blanchard, supra.
In this case it was established as factual matters that a report of the obscene telephone calls was made by a complainant to the police; upon the advice of the police the complainant advised SCB of the calls; in response, SCB instituted line identification procedures; SCB reported to the police that certain telephone calls were made from a particular residence; in cooperation with the police, the complainant listened to a telephone conversation and a tape recording of that conversation and identified the voice of Williams as that of her obscene telephone caller; upon the basis of this evidence the police arrested and charged Williams. The charge was not based upon SCB’s report that the obscene telephone calls were made from a particular residence where Williams resided.
The jury’s acquittal of Williams did not constitute a finding that the obscene telephone calls were not made by someone else from the Williams residence. Furthermore, in his petition Williams never asserted that the obscene telephone calls were not made from the residence identified by SCB.
Under the circumstances, we conclude that allegations of negligence by SCB in its line identification procedures do not raise issues of material fact in the case. Consequently, the trial judge did not err in finding there was no genuine issue as to a material fact. Defendant was entitled to judgment as a matter of law.
For these reasons, we affirm the judgment of the trial court, at plaintiff's cost.