FRED W. JONES, Jr., Judge.
Alleging that he sustained a work-related disabling injury on September 9, 1985, Bryant sued his employer, Gillespie Well Service, Inc. (“Gillespie”) and its insurer, Home Insurance Company, for worker’s compensation benefits on February 3, 1987. It was further asserted that plaintiff had received the maximum amount of worker’s compensation benefits to which he was entitled ($245 per week) until May 31, 1986, when payments were discontinued.
Home Insurance Company conducted an investigation and concluded plaintiff’s disability actually resulted from a work-related accident which occurred on May 31, 1985, at which time Argonaut Insurance Company rather than Home Insurance Company was the worker’s compensation carrier for Gillespie. Consequently, Gillespie and Home Insurance Company answered, denying that plaintiff was disabled, and filed a third party demand against Argonaut.
Argonaut moved for summary judgment based on statements made by plaintiff in his deposition to the effect that he had fully recovered from the injury which occurred in May and had resumed his full duties at work, and that he specifically attributed his disability to the accident of September 9, 1985.
In response to Argonaut’s motion for summary judgment, defendants relied on the deposition of plaintiff’s treating physician, Dr. Hunsinger. He stated that he first saw plaintiff on June 4, 1985. At that time plaintiff told him that on May 31, 1985, he was working on an oil rig and hurt his back while twisting a large screw or valve into the ground. An examination revealed lumbar arthritis and an old compression fracture of the thoracic vertebrae at the 11th level which was apparently related to an injury that plaintiff had suffered approximately ten years ago. The doctor advised plaintiff not to return to work until the injury healed. On June 8 plaintiff was hospitalized. On September 2, 1985 he was released to return to work at his request although he still had pain and tenderness in his back.
Plaintiff returned to the doctor on September 9, 1985, again complaining of back pain. Hunsinger’s reports indicated he said he was picking up some “¾ inch metal rods” and began experiencing severe pain in his low back. Dr. Hunsinger’s notes also indicated that no “known injury or unusual stress” was responsible for plaintiff’s pain. The doctor stated in his deposition that he felt at that time that plaintiff’s former condition had simply not yet healed as he had previously thought when he released him to return to work, and that he considered this to be a continuation of the *790 problem for which he had been seeing plaintiff throughout the summer. Plaintiff was again admitted to the hospital for approximately two weeks.
Plaintiff’s deposition testimony concerning the dates of the accidents was hopelessly confused. He said his disabling injury occurred as he was “screwing down the anchor to tie the rig off....” He said he could not remember when the accident occurred, but agreed with the suggestion that it was “probably” around September of 1985. He also said that he hurt his back once before this injury, possibly in 1985, by lifting some rods on the job. Later, during questioning by Argonaut’s attorney, the following transpired:
Q. Okay. Then after that you were fine, no problems, until in May of 1985 you slipped and hurt your back a little, is that right, sir?
A. Yes, sir.
Q. And you were treated for that by Dr. Hunsinger and you recovered?
A. Yes, sir.
Q. And you went back to work?
A. Yes.
Q. Now, when you went back to work that time you were able to do all your job, weren’t you?
A. Yes, sir.
Q. Didn’t have any pain or problems from it?
A. No.
Q. Did your whole work?
A. Yes, sir.
Q. So you had recovered, is that right, sir?
A. Yes, sir.
Q. Weren’t going to the doctor anymore or anything?
A. No, sir.
Q. Then you had this last accident on September the 9th, 1985, when you were pulling the rods and you hurt yourself?
A. Screwing down the anchor, right.
Q. And that incapacitated you where you couldn’t do any more work?
A. Yes, sir.
Q. And you have not been able to work since then?
A. No, sir.
Q. But up until that time, until that last accident in September of ’85, you were as good off as you ever were?
A. Yes, sir.
At the hearing on the motion, counsel for movant (Argonaut) argued that this testimony clearly established that plaintiff had fully recovered from his first accident and sustained his disabling injury in September 1985.
Counsel for Gillespie and Home argued that plaintiff was unable to independently remember any dates when his deposition was taken, and that the testimony relied upon by Argonaut was elicited through very leading and suggestive questioning on the part of Argonaut’s attorney. It was pointed out that the time frame of the accidents given by plaintiff in his deposition is exactly the reverse of the histories he gave Dr. Hunsinger immediately after he sustained the injuries. It was further pointed out that these histories were consistent with accident reports submitted by the employer, which stated that plaintiff was injured on May 31,1985 while “putting down anchors and stooping low”, and again on September 9, 1985 by “[pjicking up rods.” In short, it was argued that there were clearly two accidents involved, and that the medical histories, accident reports and obviously confused deposition testimony of plaintiff all indicated that the injury plaintiff described as being the main cause of his disability occurred in May rather than in September of 1985.
After hearing these arguments, the trial judge sustained the motion for summary judgment. In oral reasons, he acknowledged that plaintiff was obviously confused but held that he was bound by his pleadings insofar as the date of the disabling accident was concerned. He also noted plaintiff’s deposition testimony to the effect that he had recovered fully from the May 31 injury when the September accident occurred.
Gillespie and Home Insurance Company appealed the judgment dismissing the third party defendant from this suit, arguing the *791 judge erred in concluding there was no genuine issue of material fact regarding the third party demand.
Argonaut argued on appeal that plaintiff unquestionably had a preexisting congenital problem with his back, which condition was aggravated by the accident of May 31, 1985. After several months of treatment, however, plaintiff regained his pre-accident status and the aggravation ceased. Plaintiff returned to work, and then again aggravated this condition on September 9, 1985. It is contended that this second aggravation continues and is the cause of plaintiff’s current disability.
The sole issue before this court is whether there exists a genuine issue of material fact precluding summary judgment. For the reasons explained, we hold that there is, and reverse the trial court’s granting of the summary judgment and dismissal of Argonaut from this suit.
Summary judgment is a procedural device designed to expeditiously dispose of frivolous, but well-pleaded demands and defenses, or those of which plaintiff has no proof. Schaefer v. Lynch, 406 So.2d 185 (La.1981); Burrell v. Baton Rouge Securities Co., 169 So.2d 668 (La.App. 1st Cir.1964). It is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. La.C.C.P. Art. 966.
The party seeking the summary judgment has the burden of showing a complete absence of a genuine issue of material fact. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Shird v. Maricle, 156 So.2d 476 (La.App. 3d Cir.1963). Facts are material for purposes of summary judgment if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983).
Because the movant has this heavy burden, inferences to be drawn from the underlying facts contained in the material before the court must be viewed in the light most favorable to the party opposing the motion. Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983); Sanders v. City of Blanchard, supra. Only when reasonable minds must inevitably conclude that the movant is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Any doubt as to the existence of material factual issues and the granting of the summary judgment are to be resolved against the granting of summary judgment, and in favor of a trial on the merits. Santiago v. Equipment Leasing of California, 420 So.2d 209 (La.App. 4th Cir.1982), writ denied 423 So.2d 1138 (La.1982), appeal after remand, 437 So.2d 971, writ denied 441 So.2d 1223 (La.1983); Sanders v. City of Blanchard, supra.
The function of the trial court in a motion for summary judgment is only to determine whether there is a genuine issue of material fact, rather than determine or even inquire into the merits of the issues raised. Summary judgment is thus not a substitute for trial on the merits, and may not be granted when there is a factual dispute to be resolved which is material to the case. Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983).
Applying the foregoing legal principles to the case at hand, we conclude that the trial judge erred by granting Argonaut’s motion for summary judgment. There clearly exists a disputed factual issue material to the third party demand—whether plaintiff’s current disability (and resulting eligibility for worker’s compensation benefits) is attributable to the work related accident of May 81,1985 or that of September 9, 1985. This factual issue is material to the third party demand because it determines whether the accident occurred during the policy period of defendant Home Insurance Company or that of third party defendant Argonaut, and therefore, which insurance company is liable to plaintiff for any further benefits he may be able to prove he is entitled to receive.
While acknowledging plaintiff's obvious confusion regarding the sequence of events leading to his disability, the trial judge improperly held that he was bound by his *792 pleadings insofar as the date of his disabling accident was concerned.
For purposes of considering a motion for summary judgment, the court is not bound to accept as true the allegations contained in plaintiff’s petition. Duplechain v. Houston Fire & Casualty Insurance Co., 155 So.2d 459 (La.App. 3d Cir.1963); Owens v. Martin, 449 So.2d 448, 450 at n. 1 (La.1984). Rather, the applicable test is set forth in La.C.C.P. Articles 966 and 967, and courts are to consider all pleadings, depositions, affidavits, interrogatories and admissions on file in determining the appropriateness of summary judgment. Id.; Sanders v. City of Blanchard, supra.
Furthermore, in Vermillion Corp.. v. Vaughn, 397 So.2d 490 (La.1981), it was held that a party’s failure to plead a material fact appearing in the opposing party’s affidavit did not preclude consideration of that fact by the trial judge in ruling on the motion for summary judgment. While noting federal authority to the contrary, the court stated it felt the better rule was to consider the pleadings deemed amended to conform to the proof offered by the affidavits or to permit formal amendment and allow the motion for summary judgment to be decided under the usual codal rules.
In this case, it is clear from an examination of the depositions, affidavits, and employment accident reports that Argonaut has not carried its heavy burden of clearly establishing that the facts allegedly exculpating it from liability are undisputed. Consequently, we conclude that the trial judge erred by granting the motion for summary judgment and dismissing Argonaut Insurance Company from this suit.
For these reasons, the summary judgment is REVERSED; the motion for summary judgment is overruled, and the case is REMANDED to the trial court for further proceedings consistent with this opinion. Cost of appeal is assessed to third party defendant-appellee, Argonaut Insurance Company.