550 So.2d 809 (1989)
Janice Robinson ROBERTS, Appellant,
v.
LOUISIANA BANK & TRUST COMPANY, INC., et al., Appellee.
No. 20780-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
Writ Denied December 1, 1989.
*810 Jones & Smith by Benjamin Jones, Monroe, for appellant.
Tucker, Jeter, Jackson & Hickman by W. Lake Hearne, Shreveport, for Louisiana Bank & Trust Co., Inc., et al.
Mayer, Smith & Roberts by Vicki C. Warner, Shreveport, for Shreveport Polygraph, Inc.
Kantrow, Spaht, Weaver, et al by Linda McKinnis, Baton Rouge, for Federal Deposit Ins. Corp.
Before FRED W. JONES, Jr., LINDSAY and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
Janice Roberts, former bank teller, filed suit against Louisiana Bank & Trust ("LBT") and Shreveport Polygraph, Inc. for damages. It was alleged that LBT was guilty of wrongful termination and defamation and that Shreveport Polygraph was guilty of tortious interference with contract, intentional tort and negligence.
By way of defense it was asserted that plaintiff's employment was terminated for refusal to re-take a polygraph test administered when funds were discovered missing from another teller's money drawer. LBT submitted a statement to the Office of Employment Security indicating Ms. Roberts had produced a negative polygraph test and refused to re-take the test.
LBT filed a motion for summary judgment on March 24, 1988 and Shreveport Polygraph filed its motion for summary judgment on May 27, 1988. Both motions had supporting documents attached and were subsequently argued.
On July 29, 1988 the trial court signed a judgment in favor of LBT, granting its motion for summary judgment and dismissing plaintiff's suit against it. That judgment was silent as to Shreveport Polygraph. Plaintiff appealed this judgment.
On August 19, 1988 the trial court signed a "partial summary judgment" in favor of Shreveport Polygraph, Inc. dismissing plaintiff's "allegations of tortious interference with contract" against that defendant. No appeal was taken from this judgment. However, Shreveport Polygraph answered the appeal of the first judgment, in favor of LBT only, and requested that the second judgment, in favor of Shreveport Polygraph, be amended to include a dismissal on all grounds alleged by plaintiff against that defendant.
LBT has filed an exception of no cause of action in this court, alleging that the employee's employment was "at will" and there is no cause of action for termination of this kind of employment contract.
For the reasons explained, we affirm the summary judgment dismissing LBT, deny the peremptory exception of no cause of action because its prayer to dismiss was duplicated by the summary judgment, and dismiss the answer of Shreveport Polygraph which was not a defendant in the judgment appealed from.
According to the motion for summary judgment Ms. Roberts was employed as a bank teller by LBT at its South Park Branch. On March 13, 1986 a cash shortage of $997.00 was discovered by a relief teller. During the investigation of the shortage, all tellers were administered polygraph examinations after they signed a waiver of liability. Ms. Roberts' examination indicated deception according to the report of the polygraph examiner, Shreveport Polygraph, Inc. When Ms. Roberts refused to be re-examined by the polygraph examiner, she was terminated on March 14, 1986.
LBT furnished information on the circumstances surrounding Ms. Roberts' termination to the Office of Employment Security:
"Terminated because of refusal to retake polygraph exam that reflected negative results concerning a $997.00 shortage."
Ms. Roberts filed suit alleging the statement submitted to the Office of Employment Security was defamatory and intentionally rendered to stop her from collecting unemployment benefits. Her petition *811 stated she refused to retake the test because of the way she was treated when she took the first test. She alleged the owner or agent of the polygraph company treated her roughly, intentionally tried to unbalance her, and recklessly rendered a report to the defendant bank. Ms. Roberts claimed LBT dismissed her on groundless suspicion and reported to the Department of Employment Security that she was terminated for misconduct.
As a result of these events, Ms. Roberts contended she was wrongfully terminated from her position as a teller. Due to the bank's reporting of this incident to the Office of Employment Security in a manner that implied she had taken the missing funds, she asserts she was so damaged she would never be able to obtain other bank related employment. She sought $275,000.00 in damages for embarrassment, humiliation, emotional distress, psychological disturbance, and loss of past, present, and future income.
LBT filed a motion for summary judgment on the basis of:
1. Plaintiff's employment was "at will"; no employment contract existed and plaintiff could be terminated at any time;
2. The act of termination is not susceptible of being defamatory;
3. The report on the "official document" was not defamatory in that the statement was true, made without malice, was privileged; and
4. The plaintiff waived any cause of action against defendants when she signed a waiver of liability.
The trial court rendered summary judgment in LBT's favor recognizing the plaintiff's employment was "at will", noting the plaintiff failed to plead all of the required elements of a defamation cause of action, and holding the plaintiff was terminated because of her refusal to retake the examination. The court further recognized the defendant was required to furnish information of the circumstances surrounding the termination for use in a quasi-judicial proceeding. If the statement was defamatory at all, the communication as rendered was privileged. The trial court noted the defense of privileged communication rebutted the required element of malice.
Peremptory Exception
An exception is a means of defense to retard, dismiss, or defeat the demand brought against a defendant. La.C.C.P. Art. 921. The summary judgment dismisses the action before the court and often dispenses with issues that may be properly raised by an exception, contradictory motion, or rule to show cause. La.C.C.P. Art. 2592.
Since the issue raised by the peremptory exception on appeal was properly brought before the trial court and dispensed within the summary judgment on review herein, we will review this issue as a part of the summary judgment to avoid duplicity and promote judicial efficiency.
Summary Judgment
The issue on appeal is whether or not the motion for summary judgment was properly sustained under the circumstances of this case. A party may move for summary judgment for all or part of the relief prayed for. La.C.C.P. Art. 966. The judgment can be rendered on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if these documents show there is no issue as to material fact, and the mover is entitled to judgment as a matter of law. Williams v. South Central Bell Telephone Company, 516 So.2d 1309 (La.App. 2d Cir.1987).
Inferences drawn from affidavits and pleadings must be viewed in a light most favorable to the party opposing the motion, and any doubts as to the existence of a material issue of fact must be resolved by denying the motion for summary judgment and having a hearing on the merits. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983). See also Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La. 1981); Watson v. Cook, 427 So.2d 1312 (La.App. 2d Cir.1983).
LBT filed a Motion for Summary Judgment with the following documents:
1. An affidavit from Vice President, Bill Johnson, stating Ms. Roberts did not *812 have an employment contract, but was employed at will; she was terminated for refusing to retake the examination after the initial exam indicated deception; LBT was required to furnish information on the circumstances surrounding Roberts' termination by the Louisiana Unemployment Compensation Law. (among other statements)
2. A copy of the Shreveport Polygraph report indicating deception.
3. A copy of a waiver of liability signed by Ms. Roberts and releasing the examiner, Shreveport Polygraph and the employer from liability.
4. A copy of the form mailed to the Administrator, Office of Employment Security, Baton Rouge, which gave the following reason for termination:
"Terminated because of refusal to retake a polygraph exam that reflected a negative results (sic) concerning a $997.00 shortage."
5. An affidavit submitted by the polygraph examiner for Shreveport Polygraph stating the results of the test he administered indicated not all of the questions were answered truthfully.
Ms. Roberts asserted she was wrongfully terminated. LBT submitted the above affidavit, stating she was an "at will employee". Ms. Roberts did not rebut her "at will" status in her affidavit in opposition to the summary judgment and she presented no brief which argued she was not so employed.
Where an employee is employed for an indefinite term, it is well settled that Louisiana law allows the employment relationship to be terminated at the will of either party. La.C.C. Art. 2747; Pechon v. National Corporation Service, 234 La. 397, 100 So.2d 213 (La.1958); Williams v. Delta Haven, Inc., 416 So.2d 637 (La.App. 2d Cir.1982).
We agree with the conclusion of the trial court:
"Plaintiff was free to leave her employment at any time and Defendant was free to terminate her employment at any time. There is nothing in the record which would justify a contrary conclusion."
There was no evidence presented to prove the plaintiff was wrongfully terminated.
Ms. Roberts alleged her character was defamed. There are five elements that must be proven in an action for defamation:
1) Defamatory words,
2) Publication or communication to a third party,
3) Falsity,
4) Malice (actual or implied), and
5) Resulting injury.
See Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La. 1980). If any element is missing, an action for defamation cannot be found.
The materials submitted by LBT in support of its summary judgment set forth these facts:
a) All tellers were required to take the test;
b) Only plaintiff's examination suggested deception;
c) In an effort to be fair, she was requested to retake the examination;
d) She refused;
e) She was terminated for her refusal to be re-examined;
f) Only the fact of her refusal to re-take the test was reported to the Office of Employment Security.
Ms. Roberts did not refute any of these facts in her opposition to the summary judgment. These unrefuted facts do not support a finding of malice.
Furthermore, the communication of this information clearly fits the defense of qualified privilege. LBT contended its communication to the Office of Employment Security was privileged and rebutted Ms. Roberts' allegation of malice. Where an employer does undertake an investigation of employee misconduct he may enjoy a qualified or conditional privilege in making a statement when the statement is made in good faith, on a subject in which the communicator has an interest or duty, to one having a corresponding interest or *813 duty. See Flanagan v. Franklin, 521 So.2d 440 (La.App. 4th Cir.1988).
"Good faith" means the person making the statement reasonably believes it is true. O'Dell v. Deich, 496 So.2d 1074 (La.App. 4th Cir.1986). There is no material issue of fact on the good faith communication of Roberts' refusal to be re-examined. LBT reasonably believed there was a reason to request Ms. Roberts to re-take the examination in light of the polygraph company's report.
A conditional privilege to the Department of Employment Security was recognized in Boyd v. Community Center Credit Corporation, 359 So.2d 1048 (La.App. 4th Cir.1978). There the assertion of the qualified privilege effectively rebutted an allegation of malice.
An employer may investigate suspected wrongdoing without becoming liable for defamation because others are aware of the investigation and the subsequent discharge of particular employees. Thibodeaux v. Southwest Louisiana Hospital Association, 488 So.2d 743 (La.App. 3d Cir. 1986); Clements v. Ryan, 382 So.2d 279 (La.App. 4th Cir.1980).
LBT was required to furnish information to the Office of Employment Security upon the termination of this employee. The information was supplied in good faith and within the parameters of a qualified privilege. The action of defamation fails without all the elements required in its burden of proof. Under these circumstances, there is no malice and the communication was privileged. The documents in support of the motion for summary judgment, even when read in the light most favorable to the plaintiff, show all of the required elements for defamation are not present and refute the plaintiff's claim.
In summary, as to the motion for summary judgment filed by LBT, there was no genuine issue as to a material fact and LBT was entitled to a summary judgment as a matter of law. Therefore, the trial judge did ot err in granting the summary judgment.
Answer By Shreveport Polygraph
Shreveport Polygraph filed an answer to the appeal of the employee and requested the "Partial Summary Judgment" be modified to include a summary judgment in favor of Shreveport Polygraph, Inc. on the issue of negligence or intentional injury. Under Rule 2-12.4 of the "Louisiana Uniform RulesCourts of Appeal", the appellant is required to attach a copy of the judgment appealed from with the brief filed. Here the appellant attached a copy of the summary judgment dismissing only the defendant, Louisiana Bank and Trust.
The assignment of error listed by the appellant and argued in brief did not address Shreveport Polygraph as a party to the judgment appealed, but alleged LBT had been improperly granted a summary judgment. There was no judgment submitted for appeal that listed Shreveport Polygraph as a defendant.
La.C.C.P. Art. 2133 provides:
... The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant ... (emphasis added)
Without a judgment on appeal that lists Shreveport Polygraph as a defendant, there is no "answer" remedy available to it. The remedy available for the modifications requested would have been an appeal from the "Partial Summary Judgment" granted in favor of Shreveport Polygraph and against the plaintiff, Ms. Roberts, or an answer to her appeal of that judgment if it had been taken timely.
Conclusion
The answer by Shreveport Polygraph, Inc. is dismissed for lack of standing to answer the judgment appealed from herein. The peremptory exception of LBT was addressed by the motion for summary judgment and is overruled. The summary judgment releasing the defendant, Louisiana Bank and Trust, is AFFIRMED.
The cost of the appeal is cast against the appellant. The cost of the answer is cast against Shreveport Polygraph, Inc.