GULOTTA, Judge.
Motions for Summary Judgment were granted in favor of all defendants. Plaintiff appeals. We reverse.
On February 20, 1970, while driving on La. Highway 23 in Plaquemines Parish, plaintiff’s automobile was struck on the left side by an unknown and unidentified dump truck which was entering the highway from an access side road leading to a construction site at which T. L. James was doing construction work.
Suit was directed against T. L. James & Company (hereinafter referred to as T. L. James) and its insurer, Aetna Casualty and Surety Company, as well as against truck drivers who were delivering sand, shells and other materials to the construction area.
The thrust of plaintiff’s action is (1) that T. L. James is negligent because of its failure to place flagmen or warning devices at the intersection and, (2) as owner of the trucks, employer or as a principal exercising control over the operation of the trucks of its agents or employees, T. L. James is vicariously liable for the truck driver’s negligent acts.
Plaintiff joins in the action Kermit Williams, Raymond Armstrong, John Lee, Jr., truck drivers who were hauling materials to the construction site. Also joined as a defendant is L. T. Murphy d/b/a L. Murphy Trucking Service, Inc., the employer of several other dump truck drivers who also were hauling materials to the site.
T. L. James by Exceptions of No Cause or Right of Action, as well as the Motion for Summary Judgment, contends it has no obligation to maintain a flagman or warn *547 ing device at the site of the accident. Attached to the Motion for Summary Judgment filed by T. L. James is an affidavit of its area manager which states that T. L. James did not own, operate or supervise the driving of any dump trucks on the construction job and that the hauling activity was subcontracted to independent subcontractors.
Defendants Kermit Williams and Raymond Armstrong, relying solely on answers to interrogatories (no affidavits were filed by these defendants supporting their Motion for Summary Judgment), state that neither was involved in an accident on the date alleged in the petition.
Mrs. L. T. Murphy, an employee of L. Murphy Trucking Service, Inc., defendant, in an affidavit attached to its Motion for Summary Judgment states that this defendant company was an independent contractor doing work for T. L. James and that an inspection of the six trucks owned by L. Murphy Trucking Service, Inc. and used on the job revealed no damage. She further states in the affidavit that the truck drivers interviewed indicated they were not involved in an accident on February 20, 1970.
The remaining defendant, John Lee, Jr., attached to his Motion for Summary Judgment an affidavit in which he states that plaintiff in interrogatories acknowledged the truck which struck his automobile was “greenish blue or black” and that he, Lee, owned only one truck which is red in col- or. He further states in his affidavit that neither he nor his truck was involved in an accident on the date in question.
Our consideration of the petition, interrogatories, Motions for Summary Judgment and attached affidavits leads us to conclude that the Motions were erroneously granted.
Summary judgments may be granted when the pleadings, depositions, interrogatories, admissions and affidavits show there is no genuine issue of material fact. However, such a remedy is not a substitute for a trial where there is a genuine issue of material fact that must be resolved. LSA-C.C.P. art. 966; Fontenot v. Aetna Insurance Company, 225 So.2d 648 (La. App. 3rd Cir. 1969).
 Clearly, genuine issues of material fact exist in the claim against T. L. James. Plaintiff claims the intersecting road from which the truck entered the highway is a “dirt access road” used by T. L. James and its employees to go to and from the highway and construction site. In such instance, plaintiff suggests this defendant has a duty to place a flagman or warning device at the intersection. T. L. James claims the road is a “farmers dirt road” used by other than defendant’s employees; and, as such, defendant is under no obligation to place a flagman at the intersection.
T. L. James may or may not have a duty to place warning devices or a flagman at the intersection depending on traffic conditions, visibility of the road from the highway or of the highway from the road, or other surrounding conditions or circumstances. At any rate, these are factual considerations and questions which preclude the granting of a summary judgment.
Furthermore, plaintiff in interrogatories seeks information concerning whether the contract between itself and the Louisiana Department of Highways places responsibility on the contractor to have a flagman at the intersection. Defendant in answer indicates that the contract speaks for itself but does not append a copy of the contract to any of its Motions for Summary Judgment or Exceptions. The introduction of the contract in evidence at the trial may or may not exonerate the defendant from the responsibility or may be silent in this respect. The content of the contract is an unresolved factual consideration.
*548 Next, defendant T. L. James claims the drivers at the construction site are independent contractors over which it has no control or supervision. In that event, T. L. James claims it is not liable. See Trapani v. Parish of Jefferson, 180 So.2d 850 (La.App. 4th Cir. 1965).
On the other hand, plaintiff claims the truck drivers are employees or agents of T. L. James over whom the contractor exercised control and supervision. As such, plaintiff alleges T. L. James is vicariously liable for the negligent acts of its truck drivers. Hickman v. Southern Pacific Transport Company, 262 So.2d 385 (1972).
All of the above are factual questions which are material to the resolution of this dispute requiring a trial on the merits.
Having so concluded, we hold that the summary judgment granted in favor of T. L. James was erroneously granted.
We reach the same conclusion regarding the summary judgments granted in favor of the remaining defendants.
The affidavits attached to each of the motions for summary judgment are in the nature of self-serving affidavits. Such self-serving affidavits by the defendants which attempt to show no genuine issue of material fact but which also involve the credibility of the affiants (as in the instant case) are not sufficient to support a motion for summary judgment. See Fontenot v. Aetna Insurance Company, supra, and cases cited therein. In such instances the granting of such a motion would result in allowing a defendant to withdraw himself from cross examination. This is not the purpose of a summary judgment.
Accordingly, the judgment of the trial court granting the motions for summary judgment in favor of all defendants is reversed. The matter is remanded for trial on the merits. The assessment of costs is to await the final outcome.
Reversed and remanded.