438 So.2d 700 (1983)
Roy H. LEDBETTER, Plaintiff-Appellee,
v.
Edmund Tom MYERS, Defendant-Appellant, and
Economy Fire & Casualty Company, Third Party Defendant-Appellee.
No. 15654-CA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1983.
*701 Brown, Wicker & Amman by R. Douglas Wood, Jr., Monroe, for plaintiff-appellee.
Bruscato, Loomis, Deal & Street by C. Daniel Street, Monroe, for defendant-appellant.
Davenport, Files & Kelly by Mike C. Sanders, Monroe, for third party defendant-appellee.
Before PRICE, FRED W. JONES, Jr., and NORRIS, JJ.
NORRIS, Judge.
On July 14, 1982, an accident involving Roy H. Ledbetter and Edmund Tom Myers occurred on I-20 near Ruston when Myers' car left the eastbound lane, crossed the median of the interstate and struck Ledbetter's vehicle. On October 21, 1982, Ledbetter filed a suit for damages against Myers and Economy Fire and Casualty Co., the alleged liability insurer of the Myers' automobile.[1] *702 Economy thereafter moved for summary judgment seeking dismissal as a party defendant on the ground that Economy did not insure Myers on the date of the accident. The trial court granted the motion and Myers appeals. Finding Economy's affidavits and exhibits insufficient to warrant the granting of a summary judgment, we reverse.
On June 9, 1981, Economy issued policy No. EF-2-242-268 to Edmund Tom Myers to provide six months coverage on his 1976 Pontiac Catalina and another vehicle. The policy was renewed December 9, 1981, and provided coverage through June 9, 1982. No premium was paid by June 9, 1982 to extend coverage through the period including July 14, 1982. According to the insurance company's representatives, a premium notice was mailed to Myers prior to June 9, 1982, indicating a willingness to renew the policy for the renewal period beginning June 9, 1982, and expiring December 9, 1982. Such premium notices are generally mailed 30 to 45 days prior to the expiration of a policy term with an "Automobile Policy Renewal Certificate," and endorsements. It is the general practice of Economy to mail a second pink copy of the premium notice on the due date if the premium is not paid by the due date. This copy purportedly informs the insured that if payment is not received within fifteen days of the due date, the policy will be cancelled. According to the affidavit of Thomas E. Brim, head of the accounting department, he personally prepared for mailing and supervised the mailing of the pink copy of the premium notice which was purportedly mailed to Myers on June 9, 1982. Neither the affidavit of Brim, nor the affidavit of Joseph B. Serafini, the regional claim manager of Economy, states on personal knowledge that either mailed or supervised the mailing of the initial premium notice.
In response to the motion for summary judgment, Myers filed a Memorandum in Opposition and an affidavit in which he stated that "... contrary to the indications submitted by ECONOMY FIRE AND CASUALTY COMPANY, he did not receive any Premium Notice prior to June 9, 1982." In the Memorandum in Opposition, Myers objected to the consideration by the trial court of the affidavits of Serafini and Brim attached to Economy's motion on the basis that they were not based on personal knowledge but rather were based on conclusions and reports from the company's records and contained an outline of procedures customarily followed by the company for cancellation of automobile liability policies. He further objects to Brim's affidavit on the basis that there is nothing contained within the affidavit that states that he or anyone else actually mailed the premium notice.
Myers argues in this court that the trial court was in error in granting the motion for summary judgment and raises three issues:
1. Whether or not the affidavits filed in support of the Motion for Summary Judgment can be considered in view of the fact that they are not made on personal knowledge.
2. Whether or not Defendant-Appellant Edmund Tom Myers was given notice of the willingness of Economy Fire and Casualty Company to renew his policy.
3. Whether or not a genuine issue of material fact exists.
The applicable law is found in La.R.S. 22:636.1 which provides in pertinent part:
A. As used in this chapter:
* * * * * *
(6) "Nonpayment of premium" means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent or *703 indirectly under any premium finance plan or extension of credit.
B. A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:

(1) Nonpayment of premium; or
* * * * * *
D. No notice of cancellation of a policy to which Subsections B or C applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given. Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation. This subsection shall not apply to nonrenewal.
E. No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This subsection shall not apply; (1) if the insurer has manifested its willingness to renew; or (2) in case of nonpayment of premium; provided that, notwithstanding the failure of an insurer to comply with this subsection, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.
Renewal of a policy shall not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of such renewal.
F. Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.

* * * * * *
As stated in Ray v. Associated Indem. Corp., 373 So.2d 166 (La.1979):
It is well settled in our jurisprudence that a motion for summary judgment should be granted if, and only if, the pleadings and related filings show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. C.C.P. 966; Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment, and any doubt is resolved against granting the motion in favor of a trial on the merits. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
Upon trial of the motion for summary judgment, the burden rests upon the mover to show convincingly that there exists no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Manuel v. Shaheen, 316 So.2d 878 (La.App.3d Cir.1975). La.C.C.P. Art. 967 provides:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavits facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be *704 had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt.
The failure of an affiant to affirmatively show that their statements were made on personal knowledge does not prevent judicial consideration of his affidavit. An affidavit which does not measure up to a formal standard is subject to a motion to strike. In the absence of such a motion, or other objection, the lack of showing of personal knowledge is waived unless it is clear from the affidavit itself that it is not based on personal knowledge. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La. 1981). In the instant case, there was a timely objection made to the sufficiency of the affidavits and their not being based on personal knowledge.
La.C.C.P. Art. 966 provides:
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. To satisfy his burden, the mover must meet a strict standard by a showing that it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact. The papers supporting the mover's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden. Vermilion Corp. v. Vaughn, supra.
Myers argues in brief that the holding of Ray v. Associated Indem. Corp., supra, is dispositive of the issue presented by this case and mandates a reversal of the trial court's ruling. We disagree. In Ray, the sole issue presented for the court's resolution was whether or not the insurance company had given notice to the insured of its willingness to renew an automobile liability policy under La.R.S. 22:636.1 E. The court there concluded that La.R.S. 22:636.1 E is applicable until the willingness to renew is manifested to the insured. Because at the time that the company is required to renew the policy or give advance notice of its willingness not to renew the policy, the continuation premium is not yet due, section E applies and results in an automatic renewal of the policy on the appropriate date. Our reading of Ray reveals one factual distinction from the instant case. In Ray, the insurance company admitted that it had made no efforts to cancel the policy after the premium was not paid. It simply relied on its communication of the intent to renew to the insured. In Ray, the insured specifically denied receiving a premium notice. Thus, the court concluded that a material issue of fact was raised by this denial which precluded the granting of a summary judgment and required a trial on the merits to resolve.
*705 In the instant case, Myers specifically denied receiving a premium notice prior to June 9, 1982. However, Economy does not dispute that the policy was renewed but argues that after this date, the appropriate procedure was followed to cancel the policy under the provisions of La.R.S. 22:636.1. Thus, they argue that the affidavit of Myers does not raise a material issue of fact because the material issue presented by this case is whether or not Myers received the cancellation notice purportedly mailed on June 9, 1982.
We agree that Myers' affidavit does not address the pivotal issue presented by this case. His denial of having received any premium notice prior to June 9, 1982, does not raise a material issue of fact. However, even though there was no affidavit to the effect that Myers did not receive a cancellation notice, after reviewing the documents filed on behalf of the proponents of the motion for summary judgment, we conclude that Economy did not meet the requirement of showing that there was no material issue of fact and that it was entitled to judgment as a matter of law on the basis of its own filings. Because Economy did not meet this burden, it was unnecessary that Myers file an affidavit or other documents to refute the mover's position because failure of an adverse party to file counter-affidavits does not automatically entitle one to a summary judgment. Jewell v. Thompson, 386 So.2d 689 (La.App.3d Cir. 1980). Only if the documents supporting the motion for summary judgment are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue. It is only at this point that the opponent may no longer rest on allegations and denials contained in its pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980).
The affidavit relied upon by Economy to constitute proof of mailing as required by La.R.S. 22:636.1 F, states in pertinent part:
That he [affiant Thomas Brim] personally performed the Accounting Department functions described in the affidavit of Joseph B. Serafini ... and in particular, he prepared for mailing and supervised the mailing of the pink copy of the Premium Notice which was mailed to the insured on June 9, 1982 advising Edmund Tom Myers that his policy would be cancelled for non-payment of premium. [Bracketed material added.]
Admittedly, the phrase "supervised the mailing" of is somewhat ambiguous. However, in brief and at argument, counsel for Economy frankly admits that Brim himself did not take the notice to the post office and mail it, that he could not recall which one of the many company employees could have and might have taken the mail to the post office on June 9, 1982 and that he had no personal knowledge of the actual mailing of a cancellation notice. Thus, the affidavit of Brim is impeached by the concessions made by Economy on appeal as it is admitted that the affidavit is not what it purports to be in this respect. This concession is a candid admission that Brim's statement that he "supervised the mailing" is insufficient to establish a prima facie case that a notice of cancellation was mailed.
La.R.S. 636.1 F provides that proof of mailing of notice of cancellation shall be sufficient proof of notice. Based on the affidavits filed of record, we conclude that there has been no proof of mailing of a cancellation notice sufficient to warrant the granting of the motion for summary judgment. On the basis of the affidavits and counsel's admissions, it is unclear what the truth is as to the actual circumstances surrounding the mailing of a cancellation notice and that a question of fact still exists as to whether or not one was actually mailed. In Cuccia v. Allstate Ins. Co., 262 La. 545, 263 So.2d 884 (1972), the insurance company presented proof of mailing in the form of an affidavit from the mail room supervisor of the insurance company declaring that a cancellation notice correctly addressed was mailed on a certain date from Atlanta, Georgia. The court concluded that this affidavit was sufficient to constitute a prima facie case that the cancellation notice to the insured was mailed according to the *706 requirements of law; however, it was also stated that this presumption was rebuttable rather than absolute. Thus, when the insured denied receipt of the notice, a material issue of fact was established. However, in the instant case, we conclude that the affidavits do not present a prima facie case that any required notice of cancellation was mailed. Therefore, it was unnecessary that Myers file an affidavit denying the receipt of a cancellation notice to raise a material issue of fact.
When we closely scrutinize the mover's papers, we are compelled to conclude that Economy has failed to satisfy its burden of making a showing that it is quite clear what the truth is regarding the mailing of a notice of cancellation and that it has failed to make a showing that excludes any real doubt as to the existence of any genuine issue of material fact. Any doubt is resolved against granting the motion in favor of a trial on the merits.
Accordingly, the judgment of the trial court granting the motion for summary judgment is reversed and the case is remanded to the district court for further proceedings. Costs of this appeal are cast against Economy Fire and Casualty Co.
JUDGMENT REVERSED.
NOTES
[1] While it is not material to the issue raised by this appeal, we note that Economy's motion for summary judgment is only raised in connection with the main demand filed by the plaintiff. Myers has third-partied Economy in a subsequent third party demand which is not made a part of this appeal.