465 So.2d 884 (1985)
Freddie RHINES, Plaintiff-Appellant,
v.
Bill CARPENTER, et al., Defendant-Appellee.
No. 16795-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
*885 Tommy K. Cryer, Shreveport, for plaintiff-appellant.
Lunn, Irion, Salley & Carlisle by Charles W. Salley, Shreveport, for defendant-appellee.
Before JASPER E. JONES and FRED W. JONES, Jr., JJ., and PRICE, J. Pro Tem.
JASPER E. JONES, Judge.
Freddie Rhines, the plaintiff in this personal injury action, appeals a summary judgment granted in favor of Humana of Louisiana, Inc. and Health Care Indemnity, Inc. We reverse and remand.
Plaintiff sustained a broken thumb while a patient at Brentwood Hospital in Shreveport when her hand was grabbed by a fellow patient, Bill Carpenter. Humana is the owner/operator of Brentwood and Health Care is its liability insurer. Plaintiff's cause of action against Humana and Health Care is based on the following allegations contained in her petition:[1]
VIII.
Petitioner is informed and believes, and therefore alleges, that BILL CARPENTER had a history of violently attacking other patients and/or personnel at BRENTWOOD HOSPITAL.
IX.
Petitioner is informed and believes that BILL CARPENTER had been punished while at BRENTWOOD HOSPITAL for his acts of violence prior to the incident which occurred on May 18, 1980 and that *886 BRENTWOOD HOSPITAL, its staff and/or employees knew or should have known of the violent tendencies of BILL CARPENTER.
X.
Despite the fact that BRENTWOOD HOSPITAL, its staff and/or employees knew or should have known of the violent tendencies of BILL CARPENTER, the hospital failed and/or refused to take any action whatsoever to keep BILL CARPENTER from the other patients or to protect them from him, thereby unreasonably subjecting them to the risk of receiving great physical harm.
Subsequent to filing suit plaintiff propounded a number of interrogatories to Humana in which she sought to obtain information concerning Carpenter's history of treatment at Brentwood. In its answers to the interrogatories Humana stated that Carpenter had been admitted to Brentwood on three occasions and had been subjected to disciplinary action during each admission. Humana refused to answer questions as to the type of disciplinary actions taken and the reasons for the actions claiming this information is privileged. Plaintiff did not file a motion to compel answers to these interrogatories.
In support of their motion for summary judgment Humana and Health Care tendered the deposition of Dr. Jay Carroll Pennington and the affidavit of Dr. James H. Phillips. Dr. Pennington is the psychiatrist under whose supervision Carpenter was admitted to Brentwood. He stated that Carpenter was diagnosed as having an overagressive reaction of adolescence meaning he has difficulty with his anger and expressing it properly. As treating psychiatrist Dr. Pennington was responsible for recommending the treatment Carpenter was to receive while in Brentwood. He recommended that Carpenter be allowed to socialize with other adult patients. Dr. Pennington stated that Carpenter has no violent tendencies and would not intentionally hurt anyone. He further stated that after reviewing Carpenter's records at Brentwood, he saw no evidence of any actions by Carpenter that would have given the hospital staff reason to keep him away from other patients or more closely supervise his activities.
Dr. Phillips is plaintiff's treating psychiatrist. He stated that the information contained in his affidavit is based on his reading of plaintiff's petition, the medical records of plaintiff and Carpenter at Brentwood and Dr. Pennington's deposition. He concurred in Dr. Pennington's diagnosis and recommended treatment of Carpenter and agreed that there was nothing in Carpenter's hospital records which would have alerted the staff to the possibility he might hurt other patients.
The trial court's decision to grant the motion for summary judgment is based upon the following opinion:
This matter came before the Court in the form of a motion for summary judgment filed by the defendants, Humana of Louisiana, Inc. and Health Care Indemnity, Inc. d/b/a Brentwood Hospital. After a consideration of all admissible evidence tendered to support the motion for summary judgment, the Court finds that there is no material fact at issue. The Court does not find any admissible evidence presented to substantiate the allegations that the defendant, Bill Carpenter, had a violent tendency and that said violent tendency was or should have been known by the health care agencies named defendants herein. The Court found no evidence of any breach of duty on behalf of the defendants, i.e., the health care agencies. The evidence tendered was to the contrary, i.e., the treating physician for the defendant, Bill Carpenter, testified that he did not in fact have a violent tendency.
A motion for summary judgment should only be granted if the pleadings, deposition, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Witty v. T.L. James *887 & Company, Inc., 299 So.2d 545 (La.App. 4th Cir.1974); Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3d Cir. 1982). The party seeking the summary judgment has the burden of proving there is no genuine issue of material fact. Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983). Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983). Any doubt as to the existence of such an issue is resolved against granting the motion and in favor of a trial on the merits. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Ledbetter v. Myers, supra; Verrett v. Cameron Telephone Co., supra.
Because the mover has the burden of establishing that no material factual issue exist, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Mashburn v. Collin, 355 So.2d 879 (La.1977); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
To satisfy his burden the mover must meet a strict standard by showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of fact. The papers supporting mover's position are closely scrutinized while the opposing papers are indulgently treated in determining whether the mover has satisfied his burden. Vermilion Corp. v. Vaughn, supra. Only when reasonable minds must inevitably concur is a summary judgment warranted. Verrett v. Cameron Telephone Co., supra.
A summary judgment is not appropriate when it is based upon affidavits and accompanying pleadings and other documentary evidence to establish subjective facts such as motive, intent or knowledge. Verrett v. Cameron Telephone Co., supra and cases therein cited.
In deciding there is no genuine issue of material fact the trial judge erroneously defined the duty of the hospital staff in terms of whether the medical experts consider Carpenter to have violent tendencies. That duty should have been defined in terms of Carpenter's actual behavior while in the hospital. If Carpenter committed acts of violence towards others while in Brentwood or displayed such behavior as to indicate he was capable of such acts and the hospital staff was aware of his acts or behavior, the staff may have had a duty to keep him away from other patients or more closely supervise his activities despite Dr. Pennington's diagnosis that he had no violent tendencies and recommendation that he be allowed to socialize with others.
Humana admitted in its answers to the interrogatories that Carpenter had been subjected to disciplinary action each time he was admitted to Brentwood but refused to expound on its answers. There was nothing presented to the trial court to indicate the reasons why the disciplinary actions were taken. Instead, Humana and Health Care chose to meet its strict standard of showing quite clearly what the truth was by relying on the unsupported statements of Drs. Pennington and Phillips to the effect that they read Carpenter's hospital records at Brentwood and found nothing in those records which would have imposed on the staff a duty to take measures to protect other patients from him.
Dr. Phillips' affidavit cannot be considered as support for the motion for summary judgment. An affidavit supporting a motion for summary judgment must be based on personal knowledge. LSA-C. C.P. art. 967. Personal knowledge means something which the witness actually saw or heard as distinguished from something he learned from some other person or source. Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App. 3d Cir.1971). The mere opinion of an expert witness, based solely on his special training and experience, is not based on personal knowledge as used in article 967. Hidalgo v. General Fire & Casualty Company, supra; McWhiney v. Travelers Ins. Co., 343 So.2d 736 (La.App. 2d Cir.1976). Dr. Phillips' statement that Carpenter had done nothing to alert the hospital staff of the need to protect other patients from him is *888 merely his opinion of what Carpenter's hospital records show. It is not based on personal knowledge.
Dr. Pennington's deposition fails to erase all doubt as to the existence of a material issue of fact. He fails to state the factual basis for his opinion that Carpenter did nothing while in Brentwood to alert the staff of the need to protect other patients from him. Plaintiff's sworn answers to mover's interrogatories, which were served on their attorneys and which were in the record considered by the trial judge, contained a statement by the plaintiff that while she was a patient in Brentwood she knew Carpenter "had been sent to `lock up' twice for his violent behavior." Plaintiff's answer to interrogatories and Humana's answers to the interrogatories indicating that Carpenter has been subjected to disciplinary actions during each of his three admissions to Brentwood create a genuine issue of fact as to the reasons those actions were taken. This determination of fact is material to the legal determination of whether the staff at Brentwood had a duty to protect plaintiff from Carpenter.
We further note that Dr. Pennington's deposition does not rule out the possibilities that Carpenter could have unintentionally hurt plaintiff and others and that the hospital staff was aware he unintentionally hurt people prior to the incident involving plaintiff. To the contrary, Dr. Pennington indicated that Carpenter is a large person and is unaware of his physical strength and that he does not know how to control his strength in his contacts with others. During the deposition Dr. Pennington was asked the following question and gave the following response:
Q. It is alleged in Article 13(b), "failure to keep patient with violent tendencies isolated from other patients." Again, he had no violent tendencies and you wanted him to be with other patients?
A. Right. One of the things that Bill needs to beneeded to be aware of is his stature. That was part of his treatment was to make him aware of, you know, if you pat somebody on the back, a pat to him, doing this (indicating) might be more. Patting them on the back might that's a pat to him. He is a large person.
One valid inference from this opinion of Dr. Pennington is that Carpenter, because of his pathology diagnosed as "overagressive adolescent," could give you a pat upon the back which might knock you off of your feet, whereas such a pat from a normal person would be a light touch interpreted as an act of friendship.
Conduct of this kind by Carpenter could create an unreasonable risk of harm to others.
We find that Humana and Health Care failed to carry the burden of proving there is no genuine issue of material fact. The trial court's finding to the contrary is manifestly erroneous.
For the foregoing reasons, we reverse the decision of the trial court and remand the case for further proceedings. Costs below and here on the issue of summary judgment are assessed against Humana and Health Care.
NOTES
[1] Carpenter is also a named defendant.