490 So.2d 691 (1986)
Sonya R. CLOMON, Plaintiff-Appellant,
v.
MONROE CITY SCHOOL BOARD, Defendant-Appellee.
No. 17905-CA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
*692 Kidd & Kidd by Milton Dale Peacock, Monroe, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by David H. Nelson and Brian E. Crawford, Monroe, for defendant-appellee.
Before MARVIN, FRED W. JONES and NORRIS, JJ.
MARVIN, Judge.
Reversing the judgment of the trial court, we find that a plaintiff driver who struck and killed a four-year-old deaf mute departing, without assistance, from a school bus that had temporarily stopped across the street, has factually alleged a cause of action against the school board for damages for "severe emotional trauma" to plaintiff which thereafter arose and which required medical treatment. We overrule the exception of no cause of action asserted by the school board and its liability insurer and remand for further proceedings.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the petition and the facts alleged by plaintiff must be accepted as true. CCP Arts. 927, 931. The general rule is that the exception must be overruled if the allegations of the petition admit to a reasonable hypothesis that the plaintiff has a cause of action for which any relief may be granted under the law. The exception may be sustained only where the allegations of the petition exclude every reasonable hypothesis that plaintiff has a cause of action under any evidence that is admissible under the pleadings. Guzzetta v. Texas Pipe Line Co., 485 So.2d 508, 509-510, (La.1986), citations omitted.
The allegations of the plaintiff driver's petition admit to the reasonable hypothesis that plaintiff has a cause of action for which relief may be granted under the law. Guzzetta, supra. The pleaded facts suggest that the school board employs a driver and an attendant on a small bus who are specifically responsible for seeing that special education students, such as the deaf mute decedent, are escorted from the bus and across the street to a place of safety; that parents had repeatedly complained that the driver and the attendant were neglecting to perform such duties; that the driver disengaged the stop signs and flashing lights and drove away as soon as this unassisted child departed the bus; and that plaintiff was approaching the parked bus from the front when the child "darted" into the path of plaintiff's automobile as she was passing the bus. Plaintiff also effectively alleged that the negligence of the board's employees in moving the bus and disengaging the stop signs and flashing lights, in failing to warn motorists of the departing child, and in failing to escort the child across the street and to a place of safety, caused, factually and legally, not only the death of the child, but, as well, severe emotional trauma to the plaintiff for which she has been and is being medically treated.
In support of the exception, the board argued below and argues here that its duty to protect its student passenger from vehicular traffic, even if breached, would not extend to protect a motorist from the risk of injury arising out of a collision with the departing student passenger, and alternatively, that the emotional trauma for which the motorist seeks recovery is not compensable under the law. Agreeing, the trial court correctly noted the distinction between a plaintiff who sustains emotional effects from the mere witnessing of physical *693 injury to another and a plaintiff who is precipitated by the fault of a defendant into the position of the actor whose conduct causes an injury to another. The trial court reasoned, however, "the court is being asked ... to extend some subjective court-made jurisprudence ... [T]he basic policy which has been announced by the appellate courts and ... the legislature ... is against this type of vicarious injury as... the subject of ... a lawsuit. Let the exception be [sustained]."
We recognize that courts have sometimes expressed reluctance to award damages for independent emotional injury (absent physical trauma) in negligence cases because of the problem of proof and potentiality of frivolous claims. It has been said that such awards are better founded in the moral sense against a defendant who acts intentionally instead of negligently. See Chriss v. Manchester Insurance & Indemnity Co., 308 So.2d 803 (La.App. 4th Cir. 1975). Compare Chappetta v. Bowman Transp., Inc., 415 So.2d 1019 (La.App. 4th Cir.1982), and Hymel v. Tom Alexander Brokerage Co., 348 So.2d 104 (La.App. 4th Cir.1977). Recovery has been allowed, however, even against a defendant who negligently, but not intentionally, causes emotional harm that is evidenced by objective, physical symptoms that can be observed and evaluated by a physician. Stewart v. Arkansas Southern R. Co., 112 La. 763, 36 So. 676 (1904). See also Sahuc v. United States Fidelity & Guaranty Company, 320 F.2d 18 (5th Cir.1963).
There is, in the case law, a recognizable class of plaintiffs, who are totally independent of the victim of an accident and of the accident itself, and who, when seeking damages for emotional trauma alleged to have been sustained by the mere witnessing of an accident, are said to be outside the "zone of danger" or beyond the reasonable scope of the defendant's duty to protect the person who sustains the direct injury in the accident. See and compare Bloodworth v. Carroll, 455 So.2d 1197 (La. App. 2d Cir.1984), reversed on other grounds, 463 So.2d 1313 (La.1985); Steele v. St. Paul Fire & Marine Ins. Co., 371 So.2d 843 (La.App. 3d Cir.1979); McFarland v. Cathy, 349 So.2d 486 (La.App. 3d Cir.1977), and Bourg v. Redden, 351 So.2d 1300 (La.App. 1st Cir.1977).
If this plaintiff had alleged the accident caused her physical injury, we deduce that even the trial court would have overruled the exception of no cause of action. The duty imposed on the employees of the board to escort the special education student from the school bus to a place of safety is obviously intended to prevent accidents between the departing child and a motorist. The same purpose exists in the statutory requirement that the school bus driver must have and must operate the warning signals on the school bus when a child is departing the bus. See LRS 32:318(B).
The fact that plaintiff's alleged injury is from emotional and not physical trauma does not diminish the association of the alleged duty of the board's employees with the risk of injury to those involved in the vehicle-pedestrian accident. Policy inquiries are necessary to make the association and to resolve the scope of duty question. The inquiries question the ease of associating the risk with the particular injury, the administrative burden that may result from the recognition of the scope of the duty, the relative economic ability of each party to liquidate the loss, the moral culpability of each party, the type and the social and economic utility of the defendant's activity, and the historical development of either or both the statutory law and the case law. See McNamara, The Duties and Risks of the Duty Risk Analysis, 44 La.L.Rev. 1227 at 1234 (1984); Robertson, Reason Versus Rule in Louisiana Tort Law: Dialogues on Hill v. Lundin & Associates, Inc., 34 La.L.Rev. 1 (1973); Malone, Ruminations On Dixie Drive It Yourself Versus American Beverage Company, 30 La.L.Rev. 363 (1970).
Without belaboring detailed consideration or extending the analysis, we find that plaintiff has alleged facts sufficient to infer cause in fact, to infer that the attendant *694 on the bus was charged with the duty to escort the child to a place of safety, to find that the driver too hastily disengaged the warning devices and moved the bus before the child reached a place of safety, to thus infer breach of duty, and to discount any economic or administrative burden on the school board. The attendant was there and was being paid to attend to what she was alleged to have failed to do. We construe the allegations of plaintiff's petition and the existing law to the effect that the duty imposed by the board on its employees extends to protect not only the departing handicapped child, but, as well, the motorist who might strike the departing child if a breach of the duty of one or more employees of the board causes wholly or partly an accident between the motorist and the child, even though the motorist herself might be partially at fault in causing the accident. Under the same analysis, we also construe the petition to allege a more direct and separate duty owed by the board to the motorist to operate the warning signals on the school bus until the child departing the bus reaches a place of safety, which duty is correlative to the duty owed by the motorist to obey these signals. LRS 32:318.
The allegations of facts, of course, are not proof of those facts. In this opinion we resolve only the sufficiency in law of the plaintiff's petition. Guzzetta, supra. The petition states a cause of action for the injuries alleged.
At appellees' cost, the judgment dismissing plaintiff's action on the sustaining of the exception of no cause of action is reversed and the case is remanded for further proceedings.
REVERSED AND RENDERED.