FRED W. JONES, Jr., Judge.
Plaintiff, a Winn Parish alcohol beverage licensee, sued for damages for false arrest and to have the parish “closing” ordinance declared unconstitutional. Made defendants were the Winn Parish Police Jury, the Winn Parish “Sheriff’s Office”, and the State of Louisiana.
The Winn Parish Police Jury filed an exception of no cause of action and a motion for summary judgment, both of which were sustained and the suit dismissed as to that defendant. Plaintiff has appealed the judgment. For the reasons hereinafter expressed, we reverse and remand.
In his petition plaintiff alleged that:
(1) He, the holder of a Class A liquor license, began operating a club in Winn Parish in January 1985.
*1308 (2) Section 16, Winn Parish Ordinance No. 1 of 1974, purports to prohibit the sale of alcoholic beverages on weekdays between 10:00 P.M. and 6:00 A.M. and on weekends between 10:00 P.M. and 6:00 A.M. on the following Monday.
(3) Plaintiff was arrested twice in January 1985 for being open for business after 10:00 P.M.
(4) Section 16, Ordinance 1 of 1974 was amended in May 1985 to prohibit the sale of alcoholic beverages on weekdays between 10:00 P.M. and 8:00 A.M. and on weekends between 10:00 P.M. on Saturday and 8:00 A.M. on the following Monday.
(5) The ordinance in question is unconstitutional because it violates La.R.S. 26:494, which provides in pertinent part:
“ ... No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety and peace ...”

Exception of No Cause of Action

The purpose of the peremptory exception of no cause of action is to test whether plaintiff’s allegations entitle him to any remedy whatsoever at law. For purposes of ruling on this exception, all well-pleaded allegations of the petition must be taken as true. Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. La.C.C.P. Articles 927, 931; Brown v. Red River Parish School Board, 488 So.2d 1132 (La.App. 2d Cir.1986); Johnston v. Cummins et al, 388 So.2d 432 (La.App. 2d Cir.1980).
The general rule is that the exception must be overruled if the allegations of the petition admit to a reasonable hypothesis that the plaintiff has a cause of action for which any relief may be granted under the law. The exception may be sustained only where the allegations of the petition exclude every reasonable hypothesis that plaintiff has a cause of action under any evidence that is admissible under the pleadings. Clomon v. Monroe City School Board, 490 So.2d 691 (La.App. 2d Cir.1986) and Guzzetta v. Texas Pipe Line Co., 485 So.2d 508 (La.1986).
When an exception of no cause of action has been filed, we are required to consider the factual allegations of the petition in a broad light and to give every reasonable interpretation to the petition that might maintain its sufficiency. Thornton v. Heritage Federal Savings and Loan Assoc., 459 So.2d 115 (La.App. 2d Cir.1984); Weldon v. Republic Bank, 414 So.2d 1361 (La.App. 2d Cir.1982).
Guided by these principles, we find that plaintiff’s petition adequately expresses a cause of action. He sues to invalidate the parish “closing” ordinance on the ground that it seeks to regulate the business of selling alcoholic beverages more “than is necessary for the protection of public health, morals, safety and peace.” The police jury must of necessity be a party to a suit when an adjudication invalidating a parish ordinance is sought.
For these reasons we conclude that the trial judge erred in sustaining the exception of no cause of action.

Motion for Summary Judgment

The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Article 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Travelers Ins. Co. v. Blanchard, 431 So.2d 913 (La.App. 2d Cir.1983).
Summary judgment is not to be used as a substitute for a full trial of a controverted factual issue which is material to the decision of the case. The likelihood that a party will be unable to prove his allegations at trial does not constitute a *1309 basis for rendering a summary judgment. Phillips as Tutrix of Phillips v. Roy, 431 So.2d 849 (La.App. 2d Cir.1983).
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment, and any doubt is resolved against granting the motion in favor of a trial on the merits. Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983).
To satisfy his burden, the mover must meet a strict standard by showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of fact. The papers supporting mover’s position are closely scrutinized while the opposing papers are treated indulgently in determining whether the mover has satisfied his burden. Rhines v. Carpenter, 465 So.2d 884 (La.App. 2d Cir.1985); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
The obvious genuine issue of material fact here is whether this particular closing law is a violation of the permitted “necessary” regulation of the sale of alcoholic beverages under La.R.S. 26:494 and thus invalid and unconstitutional. Sub-issues include: Is the ordinance in fact an abuse of the police jury’s discretion? What is necessary for the protection of the “public health, morals, safety and peace?” These genuine issues of material'fact are for a trial court to resolve. Thus the lower court erred in granting the motion for summary judgment.

Decree

The judgment sustaining the exception of no cause of action and the motion for summary judgment, filed by Winn Parish Police Jury, is reversed; the exception of no cause of action is overruled and the motion for summary judgment is denied; the case is remanded to the trial court for further proceedings consistent with this opinion; to the extent permitted by law, the cost of appeal is assessed to defendant-appellee; trial costs will be assessed at the conclusion of the litigation in the trial court.