522 So.2d 680 (1988)
TONY'S AUTO PARTS, INC. and AIU Insurance Company
v.
HONEYWELL, INC. d/b/a Honeywell Protection Services.
No. 87-CA-649.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1988.
*681 Eric Shuman, McGlinchey, Stafford, Mintz, Cellini & Lang, P.C., New Orleans, for plaintiffs/appellants.
Paul V. Cassisa, Sr. and Carl J. Giffin, Jr., Metairie, for defendant/appellee.
Before BOWES, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from a suit filed on behalf of Tony's Auto Parts, (Tony's) and its insurer AIU Insurance Company against Honeywell, Inc., d/b/a Honeywell Protection Services (Honeywell). Tony's alleges that Honeywell was guilty of such willful and deliberate disregard of its contractual duty to provide protection that its contractual limitation of liability should not apply in this case. The trial court granted Honeywell's motion for summary judgment and dismissed Tony's suit. Tony's now appeals. We reverse.
On December 23, 1983 Tony's, a Jefferson Parish auto parts store, was burglarized. The Honeywell alarm was triggered. Although the police were notified, the owners were not notified. Thus, the police were unable to gain entry into the building. When the burglars "torched" the store's safe, a fire was started. The fire destroyed the store.
Appellant concedes that if Honeywell is guilty of only simple negligence, the terms of the contract limit its liability. The pertinent provision reads:
SUCH LIABILITY SHALL BE LIMITED TO AN AMOUNT EQUAL TO ONE-HALF THE ANNUAL SERVICE CHARGE PROVIDED HEREIN FOR THE PROTECTED PREMISES SUSTAINING THE LOSS, OR $300.00, WHICHEVER IS GREATER. THIS SUM SHALL BE COMPLETE AND EXCLUSIVE AND SHALL BE PAID AND RECEIVED AS LIQUIDATED DAMAGES AND NOT AS A PENALTY.
On the other hand if Honeywell is guilty of willful or deliberate disregard of its contractual duty then the contractual limitation does not apply. Carriage Meat Co., Inc. v. Honeywell, Inc., 442 So.2d 796 (La. App. 4th Cir.1983). In Carriage Meat, supra the granting of a summary judgment was reversed since an issue of material fact existed as to whether Honeywell's failure to notify the plaintiff in that case fell within a similar exculpatory clause.
The thrust of appellant's argument on appeal is that the granting of the motion for summary judgment was improper since the issue of willful negligence is more appropriately decided at a trial on the merits after discovery has been completed. Furthermore, he contends that there exist pressing questions of material fact. We agree.
A major issue in this case is whether Honeywell acted in willful or wanton disregard of its contractual duty in its failure to notify the owners. This is clearly an issue of fact as to what Honeywell's operators and/or its supervisors intended.
In support of its motion for summary judgment Honeywell referred to exerpts from Mr. Peter Bertucci's (Bertucci) deposition. Bertucci, Tony's President, stated that the operator told him that she attempted to call him but could not find his number. He also stated that he had no knowledge of any intentional wrongdoing on the part of Honeywell. Tony's argument, however, is based on Honeywell's allegedly willful or deliberate disregard of its contractual duty to notify its customers.
In opposition to Honeywell's motion for summary judgment, Tony's attached the deposition testimony of Mr. Poche, Honeywell's local manager. Mr. Poche testified that Mrs. Stewart, the operator, called the police but did not call anyone else.
Mr. Poche further testified that Honeywell has a standard procedure whereby the operator contacts the authorities and the customers. However, the operator has the discretion to dispatch the alarm first to the *682 authorities and then to go back and inform the customer so as to avoid delaying contacting the authorities. Moreover, he testified that customers would be notified "[a]s soon as possible."
While Mr. Poche gave general reasons for the operators' failure to contact the customers immediately, he gave no reason as to why Tony's had not been notified. In addition, he testified as follows:
Q. Do you know of any problem, mechanical, electronic type of physical problem that was encountered in locating or telephoning anybody in regard to this incident?
A. Not to my knowledge.
We note, however, that there is no deposition testimony of Mrs. Stewart who was identified by Mr. Poche as the operator.
The second circuit recently summarized the law with regard to the granting of a motion for summary judgment as follows:
A motion for summary judgment should only be granted if the pleadings, deposition, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Witty v. T.L. James & Company, Inc., 299 So.2d 545 (La.App. 4th Cir.1974); Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3d Cir.1982) [writ denied 422 So.2d 164 (La.1982).] The party seeking the summary judgment has the burden of proving there is no genuine issue of material fact. Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983). Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983). Any doubt as to the existence of such an issue is resolved against granting the motion and in favor of a trial on the merits. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Ledbetter v. Myers, supra; Verrett v. Cameron Telephone Co., supra.
Because the mover has the burden of establishing that no material factual issue exist, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in light most favorable to the party opposing the motion. Mashburn v. Collin, 355 So.2d 879 (La.1977); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La. 1981).
To satisfy his burden the mover must meet a strict standard by showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of fact. The papers supporting mover's position are closely scrutinized while the opposing papers are indulgently treated in determining whether the mover has satisfied his burden. Vermilion Corp. v. Vaughn, supra. Only when reasonable minds must inevitably concur is a summary judgment warranted. Verrett v. Cameron Telephone Co., supra.
A summary judgment is not appropriate when it is based upon affidavits and accompanying pleadings and other documentary evidence to establish subjective facts such as motive, intent or knowledge. Verrett v. Cameron Telephone Co., supra and cases therein cited.
Rhines v. Carpenter, 465 So.2d 884, 886-87 (La.App. 2nd Cir.1985).
We have recently held that summary judgment "is not to be used as a substitute for trial on the merits, and all doubts concerning material issues of disputed facts must be resolved against granting the motion for summary judgment. Kinney v. Hutchinson, 449 So.2d 696 (La.App. 5 Cir. 1984); Gatlin v. Coca-Cola Co., 461 So.2d 452 (La.App. 5 Cir.1984)." Jones v. Gillen, 504 So.2d 575, 576-77 (La.App. 5th Cir. 1987), writ denied 508 So.2d 86 (La.1987).
The determination of whether the conduct of Honeywell constitutes either willful or deliberate disregard of its contractual duty rests upon a subjective fact. That determination is more properly made after a trial on the merits. Verrett, infra.
We find that Honeywell failed to carry the burden of proving that there is no genuine issue of material fact. Therefore, the trial court's finding to the contrary is manifestly erroneous.
*683 For the foregoing reasons, we reverse the decision of the trial court and remand the case for further proceedings.
REVERSED AND REMANDED.