# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

No. 09-30152
Summary Calendar

Charles R. Fulbruge III
Clerk

CARRIE FRIED, Individually and on behalf of their minor child Abigail Fried; ROBERT FRIED, Individually and on behalf of their minor child Abigail Fried,

Plaintiffs-Appellants

v.

CRACKER BARREL OLD COUNTRY STORE, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-9424

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carrie and Robert Fried appeal the district court's grant of summary judgment to the defendant in this personal injury suit filed on behalf of their minor daughter. We AFFIRM.

The Frieds argue that the defendant's employee was subject to a heightened duty of care owed to young children rather than to the usual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable person standard. They did not advance this argument in the district court, and we ordinarily do not consider new theories raised on appeal. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131–32 n.10 (5th Cir. 1992). Nevertheless, we agree with the district court that the witness's description of how the accident occurred provides no evidence that the defendant's employee breached any duty of care, heightened or otherwise, when she opened the restroom door and it closed suddenly. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *cf. Brown v. U.S. Fire Ins. Co.*, 671 So. 2d 1195, 1197 (La. Ct. App. 1996) (although motorist driving near children has a heightened duty, driver must act appropriately and is not an insurer of every child's safety).

AFFIRMED.